# Union Insurance Company of Philadelphia, Plff. in Err., *v.* David Murphy.

There is, under the acts of assembly of Pennsylvania, no fault in pleading that may not be cured by amendment.

Where a special plea contains nothing that could not have been introduced under the general issue, no replication is necessary except one which may be supplied by the prothonotary, at any time before or after verdict.

Any definite and certain information communicated to an insurance company, either by the insured or by someone for him, that there was other insurance on his property, is a sufficient fulfilment of a covenant whereby he binds himself to notify the company of any other insurance which had been, or might be, taken on the premises, provided no form of notice is prescribed in the policy.

Information communicated by the agent of the Providence Washington Insurance Company to the agent of the Union Insurance Company, that he had placed an insurance on plaintiff's premises,—*Held* sufficient to satisfy such covenant in the policy of the Union Insurance Company.

(Decided March 1, 1886.)

Error to the Common Pleas of Delaware County to review a judgment for plaintiff in an action upon policies of fire insurance. Affirmed.

This was an action in debt upon policies of insurance.

The defendant in error procured three policies of insurance from the plaintiff in error. All the policies were annual ones, and were renewed. The policies were procured through D. M. Johnson, Esq., who held at that time a commission from the Union Insurance Company.

The plaintiff below, on November 1, 1883, procured through one George Beebe, Jr., additional insurance in the Providence Washington Insurance Company, to the amount of $2,000 on the same property, making the total insurance at that time $4,800. The property was valued at something less than $3,500. The Union Insurance Company in point of fact had no notice or knowledge of the additional insurance.

The Providence Washington policy was indorsed, "Other insurance permitted." This was done in pursuance of the practice of the office of the agents through whom the insurance was placed.

Two of the policies of the plaintiff in error had been renewed

after the placing of the insurance in the Providence Washington company.

The fire occurred March 26, 1884, at 2 o'clock A. M. There was no explanation of the origin of the fire attempted to be given. No efforts were made by the plaintiff to extinguish the flames.

The property was insured for more than its value. The policy of the defendant company contained this clause of cov-, enant, a failure to comply with which avoided the policy: "To notify the company if at the making of this insurance or at any time during its continuance there shall be any other insurance." There was such other insurance, of which the plaintiff below had admittedly given the company no notice. The only pretense of notice was some indefinite information which it was claimed had, in the course of casual conversation, been given by George Beebe, Jr., to D. M. Johnson, Esq., who held a commission from the company as its agent to solicit risks. He had not written the policies in suit, and had not acted in any of these transactions as the agent of the company.

The errors committed in the trial, of which complaint is made, were the permission accorded to the plaintiff below to prove notice of other insurance instead of confining him to the averment in his *narr.* that there was no other insurance; the admission of evidence of notice to D. M. Johnson, Esq.; the instructions given to the jury; and the answers to points.

Judgment having been entered for plaintiff the defendant brought error.

*O. B. Dickinson,* for plaintiff in error.—I. Where a special plea is pleaded in conjunction with the general-issue pleas, a replication to the special plea is not indispensable, if the matters of defense alleged in the special plea may properly be admitted in evidence under the general-issue plea. Reed v. Pedan, 8 Serg. & R. 263.

The plea of *non est factum* puts in issue nothing except the legal existence of the instrument sued upon, and, under the rules of court governing the trial of this case, was practically a nullity.

The plea of *nil debet,* as applied to a sealed instrument, is (if it is allowable to criticise our own pleading, and we will be as charitable as we can) unscientific.

If, as is said in Ziegler v. Sprenkle, 7 Watts & S. 180, "the plea of *nil debet* must be considered as admitting the execution of the bond, though issue be taken on it," the logic of the situation would be that *non est factum* and *nil debet,* pleaded in conjunction, nullify each other, and in this case leave only the special plea to stand.

In Maxwell v. Beltzhover, 9 Pa. 139, this court refused to sustain a nonsuit entered by the court below, where there was no replication to a special plea, although a substantial issue was raised by the pleadings, and the rule of court dispensed with replications in such cases. See Clement v. Hayden, 4 Pa. 138.

In Webster v. Newbold, 41 Pa. 482, 82 Am. Dec. 487, this court refused to consider the question of nonadministration as an answer to a plea of the statute of limitations because "no special plea of nonadministration was to be found in the record; consequently, the question was not properly before them." A party cannot be compelled, against his objections, to try, until issue is formally joined on the record. Bratton v. Mitchell, 5 Watts, 69.

The proper practice would have been to strike off the special plea. If permitted to remain on the record it should have been replied to.

II. Having alleged in his *narr.* that there was no other insurance, evidence of a waiver of the condition, as was attempted to be proved, or of notice to Johnson, the agent of the plaintiff in error, proof of which was admitted, was inadmissible under the pleadings. Hunter v. McHose, 100 Pa. 41; Spangler v. Springer, 22 Pa. 454; Stewart v. Kelly, 16 Pa. 161, 55 Am. Dec. 487; Stump v. Hutchinson, 11 Pa. 533; Scott v. Horn, 9 Pa. 408; Cunningham v. Shaw, 7 Pa. 401.

Notice to D. M. Johnson, Esq., was not sufficient because he was not an agent, notice to whom would be notice to the company. He was a mere local agent, by whom the policies in suit were not written. This point has been expressly ruled in this state. Mitchell v. Lycoming Mut. Ins. Co. 51 Pa. 402.

In the following cases the verdicts of juries were set aside because notice of other insurance had not been sufficiently shown, where the fact of such notice was much more clearly established, and the character of the notice itself by far more definite, than in the present case. Illinois Mut. Ins. Co. v. Malloy, 50 Ill. 419; Huntley v. Home Ins. Co. 42 Iowa, 709.

That mere information, or even knowledge, is neither notice nor the equivalent of notice, see Commonwealth Mut. F. Ins. Co. v. Huntzinger, 98 Pa. 41; Eureka Ins. Co. v. Robinson, 56 Pa. 256, 94 Am. Dec. 65.

*W. B. Broomall,* for defendant in error.—The plaintiff averred in his declaration that there was no other insurance of which the defendant did not have notice. The defendant replied by a plea of *nil debet* and a special plea that there was another insurance of which the defendant did not have notice.

The plea of *nil debet* to a sealed instrument, when not objected to, puts all of the averments of the declaration in issue. Brubaker v. Taylor, 76 Pa. 83; Ziegler v. Sprenkle, 7 Watts & S. 175.

The objection that the plaintiff could not, under his pleadings, prove a waiver by the company of its right to require notice of other insurance, was not made in the court below. Not only was no such objection made, but no exception was taken on the trial, upon which this specification can rest. And it is too late, after trial, to object that the *probata* and *allegata* do not agree, for the plaintiff might have amended if a timely objection had been interposed.

Moreover, the doctrine of variance finds but little encouragement in the precedents on this point. Ben Franklin F. Ins. Co. v. Flynn, 98 Pa. 627; Pennsylvania F. Ins. Co. v. Dougherty, 102 Pa. 568.

A condition in a policy of fire insurance that the policy shall be void if there should be any other insurance on the property without the assent of the company may be waived by the agent, who has authority from his principal to make contracts of insurance; and this is so even where the condition requires the assent of the company to be indorsed on the policy. Hayward v. National Ins. Co. 52 Mo. 181, 14 Am. Rep. 400.

The powers of an agent, whose duty it is to take and revoke risks, include the power of consenting to a prior or subsequent insurance on the property. Carrugi v. Atlantic F. Ins. Co. 40 Ga. 135, 2 Am. Rep. 567.

Knowledge of an insurance agent, such as the agent in this case, is the knowledge of his principal, even in matters as to which without such knowledge the policy would have been forfeited. Howard F. Ins. Co. v. Bruner, 23 Pa. 51; Farmers' Mut. Ins. Co. v. Taylor, 73 Pa. 342.

If Mr. Johnson was a competent agent whose knowledge was the knowledge of his principal, then the acts of the company in renewing two of the policies in suit after the information as to the other insurance was communicated to Mr. Johnson, and the subsequent acts of the company in having an adjustment of the loss after the fire, are a waiver of the right to now set up a forfeiture of the policies. Pennsylvania F. Ins. Co. v. Dougherty, 102 Pa. 568; Eureka Ins. Co. v. Robinson, 56 Pa. 256, 94 Am. Dec. 65; Elliott v. Lycoming County Mut. Ins. Co. 66 Pa. 22, 5 Am. Rep. 323.

Forfeiture by reason of the breach of a condition may be waived by an act of the insurers recognizing the validity of the policy after knowledge of a breach of the condition; as where the fact of the existence of the other insurance is known to the agent and the insurance is renewed, or by any act on the part of the company recognizing the existing validity of the policy, as taking part in making the adjustment. May, Ins. 558, § 372.

OPINION BY MR. JUSTICE GORDON:

It is wholly unnecessary for us to dwell at any length on the first assignment, which is designed to convict the court of errors in allowing the case to be tried without a replication to the defendant's so-called special plea. An objection of this kind must be made before verdict, and even then there is, under our acts of assembly, no fault in pleading that may not be cured by amendment. But the special plea in this case is quite informal, and contains nothing that could not have been introduced under the general issue. This being so, there was no replication necessary, or, if any, only the general one, which is of a character so purely technical, and so much a matter of course, that it may be supplied by the prothonotary, and at any time, whether before or after verdict. The important question of this case, and the one running through all the subsequent assignments, is, whether the evidence was sufficient to establish the fact that, previously to the renewal of the policy now in suit, the defendant had sufficient notice of the insurance of the plaintiff's property in the Providence Washington company. The policy is suit contains a covenant by which the plaintiff bound himself to notify the defendant of any other insurance which had been, or might be, taken on the premises. But, as there is no form

of notice or manner of service prescribed therein, it is, we think, clear, as the court below held, that any definite and certain information communicated to the company, whether by Murphy, or someone else for him, would be a sufficient fulfilment of the covenant. Was there, then, evidence enough of such information or notice to warrant a submission of it to a jury? We think there was. Johnson was the defendant's agent, clothed with full power to act for it; through his agency this property has been underwritten, and he also held Murphy's policy, so that, if proper notice was conveyed to him, it would be binding on his principal.

Beebe acted in the double capacity of agent for the Providence company, and for the plaintiff in procuring the insurance in that company. It was when acting in this capacity that he informed Johnson of his having put a policy of $2,000 on the property of Murphy in the company last above mentioned, and we cannot see why, if his evidence to that effect was believed, a notice such as this was not sufficient. There is nothing at all ambiguous about Beebe's testimony: "I asked him," Johnson, "if he had any insurance on the buildings, and he said he had. I told him that I also had a $2,000 policy on the buildings in the Providence Washington company." From this it would seem to follow that there was but little for even a jury to pass upon except the veracity of the witness. Now, we cannot think it a matter of any consequence that Beebe did not put his conversation in the form of a notice from Murphy, for Johnson thereby acquired all the information he could have gained from a formal notice, and he could not avoid cognizance of the patent fact that the Providence Washington insurance had been taken by Beebe for Murphy.

It is true, the charge of the court may, in some particulars, be regarded as too broad, for it will not do to say that the defendant was obliged to take notice of the previous policy though its information had been acquired from a mere volunteer or stranger; but, as there was no such contest in the case, no pretense that notice came through anyone but Beebe, the jury could not have been misled by the generality of the learned judge's statements. We are also satisfied that the intention of the court, notwithstanding the apparent unrestricted character of its declarations, was to limit the jury to the notice as expressed in the testimony of the witness last mentioned, for, as we have

said, there was no evidence of information otherwise conveyed to the company, and upon this point the learned judge charged as follows:

"If, I say, you are satisfied that the witness, Beebe, stated substantially the truth touching the notice received by Mr. Johnson, there is sufficient evidence to warrant you in finding that Mr. Johnson had substantial notice."

Under an instruction so explicit as this we do not think the jury could have been misled into the consideration of something foreign to the issue trying.

The judgment is affirmed.